## Case No. 14,436.

UNITED STATES v. ALVISU.

[Hoff. Land Cas. 176.] 1

District Court, N. D. California. Dec. Term, 1856.

MEXICAN LAND GRANT—VALIDITY.

No objection to the validity of the claim.

[Cited in Re Lady Bryan Min. Co., Case No. 7,978.]

Claim [by Manuel Alvisu] for three leagues of land in Santa Clara county [the Rancho Quito], confirmed by the board, and appealed by the United States.

1 [Reported by Numa Hubert, Esq., and here reprinted by permission.]

William Blanding, U. S. Atty.
Thornton & Williams, for appellee.

BY THE COURT. The claim in this case was confirmed by the board. It has been submitted to this court without argument or the statement on the part of the appellants of any reasons for reversing their decree. No doubt seems to have been entertained by the commissioners as to the authenticity of the grant. The original is produced, and the expediente is found in the archives. The land was occupied and cultivated by the original grantees, and has continued in their possession and that of persons claiming under them until the present day. Its boundaries are well known, and described with considerable precision in the grant and accompanying map. We see no reason for reversing the decision of the board. The claim must therefore be confirmed.

UNITED STATES (ALVORD v.). See Case No. 269.

## Case No. 14,437.

UNITED STATES v. AMADOR.

[Hoff. Land Cas. 76.] 1

District Court, N. D. California. Dec. Term, 1855.

MEXICAN LAND GRANT—VALIDITY.

The confirmation of this claim not disputed.

Claim [by José Maria Amador] for four leagues of land in Alameda county [part of the Rancho San Ramon], confirmed by the board, and appealed by the United States.

S. W. Inge, U. S. Atty.
E. W. F. Sloan, for appellee.

BY THE COURT. The board of commissioners have confirmed this claim without suggesting any doubt as to its entire validity. The genuineness of the grant is not disputed, and it appears to have been approved by the departmental assembly. The conditions have been fully complied with, and the premises granted have been the family residence of the grantee from a period prior to the issuing of the grant, and he has continued to cultivate and improve his land down to the present time. A part of his land has been conveyed by him to other parties, and he now asks for a confirmation of his claim to the remainder. A decree to that effect was made by the board of commissioners. A decree must therefore be entered in this court affirming the decision of the board and confirming the claimant's title to the extent solicited.

1 [Reported by Numa Hubert, Esq., and here reprinted by permission.]